PETITION FOR A REHEARING, BY
THOMAS TRIPLETT, ESQ.
The counsel for the plaintiff in error solicits the court to re-consider the three cases decided. The counsel, who alone is interested on the part of (he plaintiff, being the assignor of (be notei would not request a reconsideration, were he not confident that the law as well as the justice of the case, is with him, The warrants were prosecuted on three several notes, under the hand and seal of Young, for fifty dollars each, According to the well settled principles of law, the consideration of these notes cannot be impeached or gone into, . unless it be by plea verified on oath. See Digest, 265. Previous to the act of assembly approved on the 18th of December 1801, inactions founded on a.ny specialty or note in writing, at law, the consideration could not be impeached or gone into, except ip such cases a.s provided by special statute. The act referred to only permits these notes to be impeached by special plea. See Digest, 257. On the appeal to the circuit court, the ^ase is to be tried as though originally instituted there. See Digest, 702, The legislature has also prescribed that there shall he no. particular formality required in pleading; but the court shall make such orders as they shall deem necessary for a fair and speedy trial on the. merits. See Digest, 705, §8-1 conceive it clear, that the legislature never intended to dispense with (he plea of non est faclum, in cases of fifty dollars and under* and thereby require the production of the subscribing witnesses, in all those cases. Nor can Í; readily admit or believe, that the legislature, at the passage of the act, intended to dispense with the special plea impeaching the consideration of notes for five pounds or upwards, and that the plea should be'verified by oath, in cases appealed from to the circuit court, If the court should believe thattbe appellee could impeach the consideration of a note over £5, under the solemn and deliberate act and deed of the party, without oath, it will, overturn what is supposed to be the well settled principles of law in these cases. In cases under five pounds,, the justice of the peace has equitable as well as common law jurisdiction, and the right of trial by jury is. pot secured; but m all cu.ses.fqr twenty dollar? ^nd ugj *63 Wards, the right of trial by jury is secured by the constitution of the United States; and it is contended by the counsel for the plaintiff in error, that the notes carry on their face evidence of sufficient consideration, and that they can only be impeached by appropriate plea, verified by oath, agreeably to the act of assembly in such cases made and provided; and when such plea is jdeaded, it must be pleaded truly, and the evidence confined to the issue joined. The plea pleaded was, that the note was not given fot any consideration, good or valuable, but was voluntary. The evidence offered, was not calculated to demonstrate the points in issue. T,he Court below should have sustained the motion to reject the evidence. The defendant was concluded by the plea, from the introduction of any evidence, except such as conduced to prove the points in issue. Independent of the plea, he could not enquire into the consideration of the notes. The act of assembly increasing the jurisdiction of justices of the peace and regulating appeals in the circuit court, does not repeal the act requiring notes to be impeached by plea and upon oath. The court is respectfully solicited to grant a rehearing.
June 24.
Triplett, for plaintiff; Monroe, for defendant.
But the court, after consideration, overruled the motion, and adhered to the opinion delivered.